IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DONALD SCOTT LUTE and KELLE M.
LUTE, individuals,

        Plaintiffs,

        v.

STEWART TITLE GUARANTY
COMPANY, a Texas corporation,

        Defendant.

Case No. 6:25-cv-00642-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiffs Donald S. Lute and Kelle M. Lute purchased property encumbered by an easement. After unsuccessfully bringing an action in state court challenging the easement, Plaintiffs incurred attorney fees and costs. Plaintiffs now bring claims for declaratory judgment, breach of contract, and negligence per se against their title insurer of the property, Defendant Stewart Title Guaranty Company, for refusing to reimburse Plaintiffs for the costs associated with the litigation in state court. Defendant moves to dismiss Plaintiffs' complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs fail to establish that the Defendant breached the policy at issue, Defendant's Motion to Dismiss is GRANTED.

## **BACKGROUND**[1]

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – Opinion & Order

In December 2014, Cascadia Tower Incorporated purchased the real property at issue located at 2650 Rocky Way SE, Salem, Oregon. Pls.' First Am. Compl. ("FAC") Ex 2, at 20, ECF No. 3. The property included a single-family residence and an area reserved for a telecommunications tower. *Id*. On April 9, 2015, Cascadia recorded a document in Marion County that reserved an easement, allowing for access and use of the telecommunications area as well as fifteen feet adjacent to the east of the area. *Id*. at 22. Cascadia then sold the property to David and Beverly Bodtker, who are not a party in this case, memorializing the previously reserved easement terms as "encumberance number 5" on the title. *Id*.

In November 2018, Plaintiffs purchased the property from the Bodtkers with knowledge of the easement. *Id*. at 23. Plaintiffs also obtained a title insurance policy for the property from Defendant Stewart Title Guaranty Co. FAC Ex. 1, at 9. Section B of the policy agreement excepted from coverage any loss or damage that arose out of the easement Cascadia reserved in April 2015. *Id*. at 9–10. At some point, Cascadia informed Plaintiffs of a plan to upgrade the telecommunications tower on the property. FAC Ex. 2, at 22. Plaintiffs objected to the plan as being beyond the ambit of Cascadia's easement.

Plaintiffs subsequently brought an action against Cascadia in state court requesting a determination of the validity and scope of the April 2015 easement. *Id*. The trial court found that the April 2015 easement reserved by Cascadia was null. *Id*. at 11. However, the court found that the warranty deed from Cascadia to the Bodtkers created a valid and binding easement. *Id*. at 3.

In October 2022, the trial court entered a supplemental judgment and awarded $183,155.50 in attorney fees and costs to Cascadia. FAC ¶ 14. Plaintiffs appealed. *Id*. at ¶ 14, 23. The Oregon Court of Appeals affirmed the ruling, holding that "the trial court did not err in concluding that the warranty deed from defendant to the Bodtkers created the easement." *Id*. at ¶ 23.

In response to the judgment, Plaintiffs filed a title insurance claim with Defendant. *Id.* at ¶ 16. Plaintiffs asked Defendant to pay for the judgment entered against them, including attorney fees and costs, and for fees incurred on appeal. *Id.* Defendant denied Plaintiffs' claim on the ground that the policy did not cover an action arising by reason of the April 2015 easement. *Id.* at ¶ 17. This action followed. Pls.' Compl., ECF No. 1.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I. Breach of Contract

Plaintiffs contend that Defendant breached the insurance policy by refusing to defend or indemnify Plaintiffs in the state court action. FAC ¶ 32. Defendant argues that Plaintiffs have not pled facts to establish that the policy covers the reimbursement of the state court judgment or the

fees and expenses accrued by pursuing that action. Def.'s. Mot. 16–17. Meanwhile, Plaintiffs argue the policy does not except actions related to the April 2015 easement because the state court found the easement to be null. Pl.'s Resp. 8, ECF No. 13. Plaintiffs assert it is a legal impossibility for Plaintiffs' underlying claim to arise out of an easement that does not exist. *Id*.

Schedule B of the insurance policy plainly states that the policy "does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses that arise by reason of . . . the Easement and Assignment of Lease Agreement" recorded on April 9, 2015. FAC Ex. 1, at 9–10. It is clear that the Plaintiffs' state action arose out of a dispute regarding the validity of the April 2015 easement. The plain text of the title insurance policy excepts covering costs related to actions arising out of that encumberance.

Because the Plaintiffs' state court claim arose by reason of the April 2015 easement, Defendant did not breach the terms of the policy.

**II. Negligence Per Se**

In bringing a claim of negligence per se, a Plaintiff must allege that: (1) defendants violated a statute or rule, (2) the plaintiff was injured as a result, (3) the plaintiff was a "member of the class of persons meant to be protected by the statute," and (4) the "injury plaintiff suffered is of a type that the statute was enacted to prevent." *Moody v. Oregon Cmty. Credit Union*, 542 P.3d 24, 32 (Or. 2023). Plaintiffs assert that Defendant violated ORS 746.230, which establishes unfair claim settlement practices. Specifically, Plaintiffs argue that Defendant violated ORS 746.230(1)(a) by "misrepresenting facts or policy provisions in settling claims; (1)(d) refusing to pay claims without conducting a reasonable investigation based on all available information; (1)(f) not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear; and (1)(g) compelling claimaints to initiate litigation to recover amounts due by

offering substantially less than amounts ultimately recovered in actions brought by such claimants." ORS § 746.230(1)(a), (d), (f)–(g). Plaintiffs allege that Defendant misrepresented pertinent facts and insurance policy provisions relating to coverage; refused to provide coverage without conducting a reasonable investigation; failed to attempt in good faith to promptly and equitably settle the claim; and engaged in victim blaming. FAC ¶ 39–43.

Because Plaintiffs have not sufficiently alleged that Defendant breached the policy, their negligence per se claims must be dismissed.

## CONCLUSION

Because the policy clearly exempts legal actions arising by the April 2015 easement, which was the heart of the underlying state litigation, Plaintiffs' "pleading could not possibly be cured by the allegation of other facts." *Doe*, 58 F.3d at 497. Defendant's Motion to Dismiss (ECF No. 9) is GRANTED. Plaintiffs' claims are therefore dismissed with prejudice.

IT IS SO ORDERED.

DATED this 12th day of September, 2025.

_____/s / Michael McShane_____
Michael J. McShane
United States District Judge